FRENCH *v.* YOUNG.

1. INDEMNITY—SEPARATE AND LIMITED LIABILITY OF SIGNERS ON BOND.

The liability of a signer of an undertaking whereby principal was to be indemnified by such signer in an amount not in excess of that set opposite his name on bond containing recital that the liability of signers was to be determined ratably was not common nor the signers cosureties subject to remedy of contribution by one or more indemnitors against other indemnitors, the recital emphasizing the fact that the obligation of each indemnitor to the obligee was separate and distinct from the obligation of every other signer.

2. PRINCIPAL AND SURETY — CONTRIBUTION — INDEMNIFICATION IN
   LIMITED AMOUNT BY SEVERAL SIGNERS—SETTLEMENT OF LIABILITY
   FOR ALL.
   Since the relation of cosuretyship exists only where there is a
   right of contribution, signers of bond who merely agreed to
   indemnify principal in a sum to be determined ratably but
   not greater than amount set opposite their respective names
   were not cosureties, hence not subject to contribution to some
   of the signers who satisfied liability for all by payment of not
   more than their own specific liabilities.

Appeal from Wayne; Campbell (Allan), J. Submitted January 12, 1940. (Docket No. 49, Calendar No. 40,677.) Decided March 15, 1940.

Action by John H. French, trustee, against Leonard A. Young for contribution for sums paid as cosigners of an indemnity undertaking. Judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Beaumont, Smith & Harris,* for plaintiff.

*Cook, Smith, Jacobs & Beake (Joseph H. Clark,* of counsel), for defendant.

WIEST, J. This suit involves right to contribution between indemnitors and turns upon whether they were cosureties, obligated to meet a common burden.

Employees of the Union Trust Company, the National Bank of Commerce, and the Union Title & Guaranty Company had purchased stock of the Union Commerce Corporation and had borrowed the money for the purchases from various banks and financial institutions in and around Detroit, including the Union Trust Company and the National Bank of Commerce, pledging their stockholdings in the Union Commerce Corporation as collateral secu-

rity to the loans. The notes amounted to about $1,200,000. To avoid a possible crash by calling of the notes, it was arranged that the Union Company of Detroit should render to such employees financial assistance and:

"If said Union Company of Detroit shall receive upon demand full payment of all sums advanced and obligations incurred by it in connection with such financial assistance to the employees of Union Commerce Corporation and/or its subsidiary or affiliated companies, which financial assistance shall be recommended by said committee, and the arrangements for such assistance which has been effected by it with said Union Company of Detroit and not otherwise, then and in that case this obligation shall be void and of no effect; otherwise to remain in full force."

Thirty-five men, in order to indemnify the Union Company of Detroit from loss, signed an undertaking to such effect, pledging specific liability of each to the amount of the sum set opposite their signatures, and which amounted to $1,095,000. Defendant, opposite his signature, placed his liability at the sum of $100,000.

We quote from the undertaking the provisions bearing upon the issue here involved:

"Know all men by these presents, that the undersigned are severally held and firmly bound unto the Union Company of Detroit, a Michigan corporation, in the sums set opposite their respective signatures hereto, to be paid to said Union Company of Detroit, its successors or assigns, to which payment well and truly to be made, we do by these presents severally bind ourselves in and for the several amounts set opposite our respective signatures hereto.

"Sealed with our seals, and dated this 15th day of November, A. D. 1929."

Then followed the mentioned condition of the undertaking, ending with:

"In witness whereof, the undersigned individuals have executed this instrument in several counterpart originals, provided that their several liability hereunder shall not exceed the several amounts set opposite their respective signatures hereto and their liability hereunder shall be determined ratably, except that on the death of any of the subscribers hereto the liability of the deceased subscriber shall be prorated among the surviving subscribers, and the estate of the deceased subscriber shall be relieved from all liability hereunder."

The principal in the undertaking could not meet the payments and a receiver was appointed. A compromise between the receiver and 16 of the indemnitors was accomplished under which the 16 indemnitors, but not including defendant, satisfied the liability of all the indemnitors by payment of $325,000. Thereupon the receiver assigned right of action, if any, to the plaintiff herein, as trustee for the benefit of those who had settled the liability of the indemnitors, and the action at bar followed.

In the circuit court judgment was rendered in favor of plaintiff in the sum of $60,838.29. Defendant appeals.

The action is not on the bond but one for contribution between claimed cosureties.

Defendant contends that the indemnitors were not cosureties but indemnitors under special and individual obligation, without the relation of cosuretyship.

The liability was to the obligee in the bond and, by express terms, it was special and unrelated to that of the other indemnitors. The recital that "their several liability hereunder shall not exceed the several amounts set opposite their respective

signatures hereto and their liability hereunder shall be determined ratably," did not render the undertaking common and constitute the signers cosureties or afford remedy by way of contribution by one or more of the indemnitors against other indemnitors.

The language in the undertaking or bond that the liability of the indemnitors thereunder "shall be determined ratably" carried meaning, emphasizing the fact that the obligation of each indemnitor to the obligee was separate and distinct from the obligation of every other signer.

The indemnitors who brought about the compromise and paid the sum agreed upon did no more than meet their specific liabilities and, under such circumstances, cannot have contribution from one who did not join with them, even though he has paid nothing. The rule would be different if all were cosureties, with consequent obligation to meet a burden common to all. The indemnitors, seeking contribution, have met, by way of compromise, their obligation and cannot now have contribution from defendant which would amount to reducing their liability arising out of their specific undertakings.

The indemnitors could have been sued individually or collectively. If sued individually, the liability could not exceed the sum set opposite his signature and, if sued collectively, the liability of each, being separate and distinct, would govern. The compromise satisfied the indemnity undertaking and freed all indemnitors but without right of some to exact contribution from others to reimburse themselves in part for meeting their specific and independent liabilities.

In *Assets Realization Co.* v. *American Bonding Company of Baltimore,* 88 Ohio St. 216 (102 N. E. 719, Ann. Cas. 1915 A, 1194), eight surety companies, in separate undertakings, assumed obligations—

with specific limitations, however, as to the amount of liability of each—and in a suit for contribution it was claimed, in behalf of the plaintiff, that the proviso in the bonds limiting the liability of each company to that proportion of the entire loss which the penal sum mentioned in the bond bears to the total amount of the bonds and securities furnished by the depositary, namely, $300,000, was merely a contract arrangement between the companies and the obligee, and the arrangement effected was that all the companies standing together should assume the burden of the entire obligation and not that each company should assume a separate and distinct part of the obligation independent of each other.

In answer to this the court stated:

"In this we think counsel are in error. The several bonding companies were not obligated to pay the same debt—they each agreed to pay an aliquot part—a fractional part of the total loss due to the default of the depositary. If one of these companies failed to pay its portion, such failure, in no way, affected the liability of other companies. No duty, legal or equitable, was owing by one company to the other.   *   *   *

"It is well settled that where one of two or more sureties for the same obligation has paid more than his share of the debt, he is entitled to contribution from his cosureties to reimburse him for the excess paid over his share in order to equalize the common burden.

"Numerous authorities have been cited in support of this proposition, but it is to be observed that they speak of a common burden, and it is where parties are bound to discharge a common obligation that they are treated as cosureties. It is uniformly held, as we understand it, that the relation of cosuretyship exists only where there is a right of contribution.

"In the case under consideration, this right is wanting. Not one of the bonding companies was bound to equalize the loss with the others in case of default. When one company paid its portion of the loss—the portion fixed by its bond—no claim arose in its favor against any of the other companies and no further demand could be made against it. Its obligation was fully discharged and the liability terminated. * * *

"It seems then that the test of cosuretyship is, as stated by counsel, common liability upon the same obligation. In the case at hand there was no common liability. Each surety, by its bond, obligated itself for a fixed portion of the debt. * * *

"The bonding companies in this case did not obligate themselves to discharge the whole debt of the depositary in case of default, but an *aliquot* part thereof. There was no common burden to discharge. Therefore, there was no such thing as equalizing the discharge. There was no such thing as one of the sureties performing the duty of all the companies or the payment of the whole debt, but, to repeat, when one of the companies paid its portion, that was a termination of its liability, and no right arose in its favor against any of the other companies. * * *

"We conclude then that, each of the companies being liable for a fractional part only of the entire loss and none of them being entitled to any contribution from the others, there being no common burden, the circuit court erred in holding that the several bonding companies, * * * were cosureties."

In the case at bar defendant was not a cosurety and was not obligated to respond to any one except the obligee in the undertaking, and plaintiffs have no remedy by way of contribution against him.

The judgment in the circuit court is reversed, without a new trial, and with costs to defendant.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred.